JEREMIAH DRISCOLL agt. JACKSON S. SCHULTZ and others.

CARDOZO, J. I do not intend, at present, to add anything to the reasons which I assigned in the *Holt case* to establish the invalidity of the act of April 14, 1866. That question was rightly decided on the argument, and must be regarded as *res adjudicata* until it is presented to the general term ; and then it will not be difficult to show that the little in the shape of *legal* argument, which, however, irregularly and improperly, has been attempted to be advanced against it, is unsound and fallacious, alike in law and morals. That decision effectually disposes of the present case, for the following reasons : The complaint here charges that the defendants, under pretence of an alleged statute which in legal effect has been declared to have no existence, are interfering with the business of the plaintiffs ; and the affidavits read in opposition to the motion show this to be the fact. It is not claimed that aught appears upon the face of the complaint to show, as the defendants assert, that there is anything unlawful in the plaintiffs' occupation ; and the defendants acting under a pretended statute, which has been pronounced unconstitutional and void, are mere trespassers, and cannot be heard to question the legitimacy of the plaintiff's business, or his right to carry it on. The doctrine is too familiar to every lawyer to require the citation of an authority. The motion to continue the injunction must be granted, with $10 costs. If the phraseology of the injunction should need amendment, so as to make its effect—which by practical construction has been shown not to have been misunderstood—more clear and explicit, of course that may be allowed.